WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lance C Wells, | No. CV-23-00001-TUC-RM (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Maplebear Incorporated, | |
| Defendant. | |

Magistrate Judge Bruce G. Macdonald simultaneously filed a Report and Recommendation ("R&R") recommending this Court deny Plaintiff's Motion for Summary Judgment (Doc. 28) and a separate R&R recommending this Court grant Defendant's Motion to Dismiss Amended Complaint and to Compel Arbitration (Doc. 29). Plaintiff subsequently filed a "Submission of Evidence and Acknowledgement of Hopelessness" (Doc. 30), to which Defendant responded (Doc. 31). For the following reasons, the Court will adopt each R&R and grant Defendant's Motion to Dismiss.

**I.     Background**

Plaintiff's Amended Complaint[1] raises two claims against Defendant. (Docs. 1, 14.) In Claim One, Plaintiff alleges Defendant abridged his First Amendment right to free speech, based in part on "an extremely broad non-disparagement clause" in the parties' previously executed Settlement Agreement. (Doc. 1 at 4.) As relief, Plaintiff

---
[1] After filing his Original Complaint (Doc. 1) that contained only his free speech claim, Plaintiff filed an Amendment to Pleading requesting to add a second claim against Defendant (Doc. 14). The Magistrate Judge referred collectively to Doc. 1 and Doc. 14 as the "Amended Complaint." (Doc. 29 at 2.) This Court will do the same.

requests that "all pertinent portions of the settlement agreement [be] declared null and void." (*Id.*) In Claim Two, Plaintiff alleges Defendant "engages in discriminatory practices, specifically with regard to the race and gender provisions of the Civil Rights Act" of 1964. (Doc. 14.) Plaintiff further alleges these "ongoing practices . . . can be demonstrated via the company's official policies and the published statements of company representative(s)." (*Id.*) Plaintiff avers that "these practices have the effect of creating a hostile work environment, and thus deprive the subject(s) of their right to maintain longstanding employment…without concern for loss of position, loss of further employment and advancement opportunities, and loss of the personal dignity which all citizens are due." (*Id.*) As relief for Claim Two, Plaintiff requests that the Court "prohibit defendant from continuing with any policies, practices, and statements that are discriminatory, including…published statements that express favoritism towards certain demographic groups and denigration towards others." (*Id.*)

Defendant filed a Motion to Dismiss Amended Complaint and Compel Arbitration. (Doc. 17.) Therein, Defendant argues that Plaintiff fails to state a claim for violation of the First Amendment right to free speech for two reasons. (*Id.* at 4-5.) First, Defendant argues that the First Amendment is inapplicable to the parties' settlement agreement because Defendant is a private entity, and "the First Amendment only protects speech from government censorship." (*Id.* at 4.) Next, Defendant contends that Plaintiff fails to state a claim because Plaintiff did not "plead any facts showing that Instacart engaged in state (governmental) action." (*Id.* at 5.) Consequently, Defendant asserts, the Court should dismiss Plaintiff's First Amendment claim with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.* at 3-5.) Defendant further argues that the Court should dismiss and compel Plaintiff's civil rights claim to arbitration because this claim is subject to final and binding arbitration under the Independent Contractor Agreement signed by Plaintiff. (*Id.* at 2, 5-16.)

Plaintiff then filed a Motion for Summary Judgment, in which he "moves for

summary judgment on the entirety of his Amended Complaint under *42 U.S.C. § 1983*." (Doc. 19 at 1) (emphasis added). Plaintiff "maintains that his several demonstrations showing the Defendant…and Defendant's officers, directors, employees, and contractors are either 1) state actors; 2) potential state actors; or 3) unknowable as to such status…are verifiable as publicly available information and are therefore beyond reasonable dispute." (*Id.* at 1-2.) Plaintiff avers that "[u]nder 42 U.S.C. § 1983, the speech-oriented provisions" of the parties' settlement agreement are "invalid and unenforceable…because those provisions effect prior restraint on Plaintiff's First Amendment right to freedom of speech." (*Id.* at 2.) Plaintiff further avers that "Section 1983 additionally authorizes Plaintiff to enforce his civil rights against Defendant's discriminatory policies, practices, and public statements that violate the Civil Rights Act of 1964, as those actions were and are committed by state actor(s) and/or under color of state law." (*Id.*) Plaintiff also requests relief "[p]ursuant to 42 U.S.C. § 1988." (*Id.*) Plaintiff seeks "an injunction against Defendant's continued implementation of such policies, practices, and public statements" and "a monetary award equal to the fees and costs sought by Defendant, estimated to total approximately $25,000 based on research of corporate attorneys' salaries in Arizona." (*Id.* at 2-3.)

## II.     Reports and Recommendations

The Magistrate Judge issued two Reports and Recommendations in Defendant's favor. (Docs. 28, 29.) The Report and Recommendation Re: Plaintiff's Motion for Summary Judgment recommended that this Court deny Plaintiff's Motion for Summary Judgment on procedural grounds because Plaintiff raised claims in his Motion for Summary Judgment that he did not allege in his Amended Complaint. (Doc. 28 at 15.) Specifically, the R&R found that Plaintiff's newly alleged claims under 42 U.S.C. § 1983 and § 1988 are "not viable grounds for Plaintiff's motion for summary judgment under Rule 56(a)" of the Federal Rules of Civil Procedure. (*Id.* at 8.) The R&R also recommended denying Plaintiff's Motion for Summary Judgment on substantiative grounds because Plaintiff failed to carry the burden of production to show there is no

genuine dispute as to any material fact under Rule 56(a). (*Id.* at 14-15.)

The Report and Recommendation Re: Defendant's Motion to Dismiss Amended Complaint and to Compel Arbitration recommended this Court grant Defendant's Motion to Dismiss. (Doc. 29 at 19.) The R&R found that (1) Plaintiff's "Amended Complaint lacks sufficient facts to meet the threshold state actor requirement for Plaintiff's First Amendment free speech claim," and (2) "Plaintiff's Civil Rights Act of 1964 claim is subject to arbitration under the Independent Contractor Agreement." (*Id.* at 2-3.) Accordingly, the R&R recommended dismissing "Claim One" with prejudice for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 19.) As to "Claim Two," the R&R recommended the Court compel the parties to participate in arbitration pursuant to the arbitration clause of the Independent Contractor Agreement.[2] (*Id.*) Each R&R permitted the parties to "file written objections" to the proposed recommendations "pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2), Federal Rules of Civil Procedure." (Doc. 28 at 15; Doc. 29 at 19.)

## III. Legal Standard

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is

---

[2] The Magistrate Judge found that Claim Two, alleged under the Civil Rights Act of 1964, falls under the arbitration provision of Section 9.3 of the parties' Independent Contractor Agreement. (Doc. 29 at 15.) That arbitration provision states, in pertinent part:

Except as otherwise provided in this Arbitration Provision, the disputes and claims covered by this arbitration Provision include any and all disputes and claims BETWEEN YOU AND INSTACART arising out of or relating to this Agreement, **your classification as an independent contractor**, or the Services performed under this Agreement which could otherwise be heard before a court of competent jurisdiction (a "Claim"), including but not limited to . . . **discrimination or harassment, including but not limited to discrimination or harassment based on race, sex, color, . . .; violation of any local, state, or federal constitution, statute, . . . Title VII of the Civil Rights Act of 1964, and all other federal, state or local statutory and legal claims arising out of or relating to your relationship with Instacart**[.]

(Doc. 17 at 30) (emphasis added).

- 4 -

filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, No. CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## IV.  Discussion

In his "Submission of Evidence and Acknowledgment of Hopelessness," Plaintiff purports to "submit[] seventy pieces of evidence to supplement" his previous filings. (Doc. 30 at 1.) Plaintiff notes that "[t]hese documents are filed for the record and for posterity, not because Plaintiff imagines that the glut of proof will make the slightest difference to the outcome of this case." (*Id.*) Plaintiff further "acknowledges that he has no chance of finding justice through a comprehensively corrupt judicial system," although he claims he has "amassed an overabundance of evidence." (*Id.* at 1, 4.) Plaintiff concludes that the Magistrate Judge's findings were "seemingly predetermined" and that "the proceedings were a pretense" and "prejudicial." (*Id.* at 4.)

Plaintiff only sparingly addresses the Magistrate Judge's findings. In one instance, Plaintiff asserts that "any teenager with a willingness to absorb factual information and a modicum of objectivity could see that Instacart qualifies as a state actor." (*Id.* at 3.) Later, Plaintiff submits that summary judgment "was merited as soon as the presence of a single state actor among Instacart's ranks was irrefutably proven" and that his "case involves easily-verifiable blatant violations of 42 U.S.C. § 1983." (*Id.* at 4, 5.) However, Plaintiff dedicates most of his Submission to lamenting about the outcomes of unrelated cases (*id.* at 2-3, 5-7) and social issues (*e.g., id.* at 7).

In response to Plaintiff's Submission of Evidence, Defendant argues that Plaintiff's filing "should be denied because it did not provide specific written objections to the Magistrate Judge's proposed findings and recommendations, which was the only

filing permitted pursuant to each of the Magistrate Judge's Report and Recommendation (Doc. 28 and Doc. 29) and Federal Rule of Civil Procedure 72(b)(2)." (Doc. 31 at 1.) Defendant further asserts that because the filing was unauthorized, the Court should strike it under Local Rule of Civil Procedure 7.2(m)(l). (*Id.* at 2.) Accordingly, Defendant requests that this Court adopt each R&R. (*Id.* at 1.) Defendants also requests an award of attorneys' fees and costs pursuant to the parties' settlement agreement and California Civil Code § 1717. (*Id.* at 4.)

After reviewing Plaintiff's Submission of Evidence and Acknowledgement of Hopelessness (Doc. 30) and each Report and Recommendation (Docs. 28, 29), the Court finds that Plaintiff's Submission fails to identify "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Other than the aforementioned conclusory statements, Plaintiff does not raise any issues regarding the Magistrate Judge's core findings that Plaintiff's "Amended Complaint lacks sufficient facts to meet the threshold state actor requirement for Plaintiff's First Amendment free speech claim, and Plaintiff's Civil Rights Act of 1964 claim is subject to arbitration." (Doc. 29 at 2-3.) Because Plaintiff has not identified "specific written objections" to the R&Rs, clear error review is appropriate. The Court has reviewed the R&Rs and the entire record, and has not found any error in the Magistrate Judge's findings and recommendations.[3] Accordingly, the Court will adopt the R&Rs, deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Motion to Dismiss. After entry of judgment, Defendant may file an appropriate motion for attorneys' fees and costs pursuant to Local Rules of Civil Procedure 54.1 and 54.2.

**IT IS ORDERED** that the Report and Recommendation Re: Plaintiff's Motion for Summary Judgment (Doc. 28) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 19) is **denied**.

. . . .

---

[3] The Court declines Defendant's request to strike Plaintiff's Submission.

**IT IS FURTHER ORDERED** that the Report and Recommendation Re: Defendant's Motion to Dismiss Amended Complaint and to Compel Arbitration (Doc. 29) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Amended Complaint and to Compel Arbitration (Doc. 17) is **granted**. Plaintiff's Amended Complaint (Docs. 1, 14) is **dismissed**. Plaintiff's Claim One under the First Amendment is **dismissed with prejudice**. Plaintiff's Claim Two, alleged under the Civil Rights Act of 1964, is **dismissed without prejudice**, and the Court compels the parties to participate in arbitration pursuant to the terms of the parties' Independent Contractor Agreement. The Clerk is directed to enter judgment accordingly and close this case.

Dated this 20th day of September, 2023.

_____
Honorable Rosemary Márquez
United States District Judge