**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lance C Wells,<br><br>            Plaintiff,<br><br>v.<br><br>Maplebear Incorporated,<br><br>           Defendant. | No. CV-23-00001-TUC-RM (BGM)<br><br>**ORDER** |

Pending before the Court is Defendant's Motion for Clarification (Doc. 34) and Defendant's Motion for Award of Attorneys' Fees (Doc. 35). Plaintiff did not respond to the Motions, and his deadline for doing so has expired. LRCiv 7.2(c). For the following reasons, the Court will grant the Motion for Clarification and deny the Motion for Attorneys' Fees.

**I.    Background**

On November 29, 2022, Plaintiff and Defendant Maplebear Inc. dba Instacart ("Instacart") entered into a Settlement Agreement. (Doc. 16 at 9-13.) On January 3, 2023, Plaintiff filed a Complaint alleging that provisions of the Settlement Agreement violated his First Amendment right to free speech. (Doc. 1.) Plaintiff later filed an "Amendment to Pleading," adding a claim alleging that Defendant violated the Civil Rights Act of 1964. (Doc. 14.)[1] On February 10, 2023, Defendant filed a Motion to

---

[1] This Court and the Magistrate Judge refer collectively to Plaintiff's Original Complaint (Doc. 1) and his "Amendment to Pleading" (Doc. 14) as Plaintiff's "Amended Complaint."

Dismiss Amended Complaint and to Compel Arbitration. (Doc. 17.) Therein, Defendant argued that Plaintiff's First Amendment claim should be dismissed for failure to state a claim. (*Id.*) Defendant further argued that Plaintiff's Civil Rights claim should be dismissed because it is subject to binding arbitration pursuant to an Independent Contractor Agreement signed by Plaintiff. (*Id.*) Plaintiff filed a Motion for Summary Judgment. (Doc. 19).[2] The parties fully briefed Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment, and United States Magistrate Judge Bruce G. Macdonald heard oral argument on both Motions.

Judge Macdonald issued two Reports and Recommendations ("R&Rs") in Defendant's favor. (Docs. 28, 29.) The first R&R recommended that this Court deny Plaintiff's Motion for Summary Judgment on procedural and substantive grounds. (Doc. 28.) The second R&R recommended that this Court grant Defendant's Motion to Dismiss. (Doc. 29.) Specifically, the R&R found that Plaintiff's Amended Complaint lacked sufficient facts to meet the threshold state actor requirement to sustain Plaintiff's First Amendment claim, and that Plaintiff's Civil Rights claim was subject to arbitration under the Independent Contractor Agreement. (*Id.* at 2-3.) Accordingly, the R&R recommended dismissing Claim One with prejudice for failure to state a claim and compelling the parties to participate in arbitration with respect to Claim Two. (*Id.* at 19.) This Court adopted each R&R in full, thereby denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion to Dismiss. (Doc. 32.)

Pursuant to California Civil Code § 1717(a) and the parties' Settlement Agreement, Defendant now seeks an attorney's fee award of $31,813 as the prevailing party in this action. (Doc. 35.)

The Settlement Agreement signed by the parties contains the following attorney's fee provision:

. . . .

. . . .

---

[2] Plaintiff also filed and withdrew a prior Motion for Summary Judgment. (Docs. 15, 21.)

> If either party breaches this Agreement, or any dispute arises out of or relating to this Agreement, the prevailing Party shall be entitled to its reasonable attorneys' fees and costs. In the event of any litigation arising out of this Agreement, the Agreement, in all respects, shall be interpreted, enforced, and governed by the laws of the State of California.

(Doc. 16 at 12.)

## II.     Legal Standard

California Civil Code § 1717(a) allows the prevailing party on a contract claim to seek attorney's fees as follows:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to the other costs.

Fees may be awarded under section 1717 "to the extent that the action in fact is an action to enforce—or avoid enforcement of—the specific contract." *Turner v. Schultz*, 96 Cal. Rptr. 3d 659, 663 (Cal. App. 1st Dist. 2009) (internal quotations omitted) (action seeking declaratory and injunctive relief to avoid enforcement of a contract provision was "on the contract," entitling prevailing defendants to attorney fee award).

Where a cause of action based on a contract is joined with unrelated, noncontract claims, the trial court should apportion the fees "so that the losing party is only required to pay for such fees as were incurred in prosecuting, or defending, the contract action." *Shadoan v. World Sav. & Loan Assn.*, 268 Cal. Rptr. 207, 213 (Cal. App. 1st Dist. 1990) (fees properly awarded to the extent plaintiffs sought to avoid enforcement of an unconscionable contract provision, but not "to the extent the action was brought solely to enjoin an unfair business practice"). "Apportionment is not required when the claims for relief are so intertwined that it would be impracticable, if not impossible, to separate the attorney's time into compensable and noncompensable units." *Bell v. Vista Unified Sch. Dist.*, 98 Cal. Rptr. 2d 263, 273 (Cal. App. 4th Dist. 2000).

. . . .

. . . .

## III. Discussion

The Court will first consider whether Plaintiff's two causes of action constitute actions "on a contract" so as to entitle Defendant to seek attorney's fees under section 1717. In his first cause of action, Plaintiff asserted that "provisions of a settlement agreement between the parties–including, but not limited to, an extremely broad non-disparagement clause–violate the plaintiff's right to freedom of speech." (Doc. 1 at 4.) As relief, Plaintiff sought "to have all pertinent portions of the settlement agreement declared null and void." (*Id.*) This Court adopted the R&R's recommendation to dismiss this cause of action with prejudice for failure to state a claim upon which relief can be granted. (Doc. 32.)

This cause of action was clearly brought to "avoid enforcement of" the Settlement Agreement and is therefore "on a contract" within the meaning of section 1717. *See Schultz*, 96 Cal. Rptr. at 663. Accordingly, the Court finds that Defendant is entitled to seek attorney's fees as the prevailing party on Plaintiff's contract claim under the Settlement Agreement. *See Hsu v. Abbara*, 891 P.2d 804, 812 (Cal. 1995) (a defendant is the "prevailing party" under section 1717 when it "defeats recovery by the plaintiff on the only contract claim in the action").

In his second cause of action, Plaintiff alleged that Defendant "consistently and publicly engages in discriminatory practices, specifically with regard to the race and gender provisions of the Civil Rights Act." (Doc. 14 at 1.) Plaintiff asserted that these "ongoing practices" are "demonstrated via the company's official policies and the published statements of company representative(s)." (*Id.*) As relief, Plaintiff asked that the Court "prohibit [D]efendant from continuing with any policies, practices, and statements that are discriminatory, including but not limited to published statements that express favoritism towards certain demographic groups and denigration towards others." (*Id.*) The R&R found that this Claim was subject to arbitration in accordance with the Independent Contractor Agreement Plaintiff assented to when he established an account with Instacart. (Doc. 29 at 15-16.) This Court adopted the R&R's finding. (Doc. 32.)

- 4 -

This Civil Rights claim was not brought to enforce the Settlement Agreement, nor did it "arise out of" or "relate to" the Agreement. *See Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 149 Cal. Rptr. 3d 440, 449 (Cal. App. 4th Dist. 2012) (action is "on a contract" if it "arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement"). Nor does Defendant argue that Plaintiff breached the Settlement Agreement by filing this claim. Defendant did not mention the Settlement Agreement when defending against this claim. Similarly, the R&R did not analyze or reference the Settlement Agreement in finding that this cause of action was subject to arbitration, nor did this Court when adopting that finding. Moreover, Defendant appears to acknowledge that only Plaintiff's claim seeking to invalidate the Settlement Agreement was an action "on a contract" under section 1717, while this claim is not. (*See* Doc. 35 at 4 (wherein Defendant notes that "Instacart prevailed on both of Plaintiff's claims, including his contract claim under the Settlement Agreement").) Based on the foregoing, the Court concludes that this cause of action was not "on a contract," as that phrase is used in section 1717. Accordingly, Defendant is not entitled to seek attorney fees under section 1717 for this claim. *See Douglas E. Barnhart, Inc.*, 149 Cal. Rptr. 3d at 456 (a defendant "is not entitled to the fees incurred in defending against factual or legal issues unique to [a plaintiff's] noncontract claim").

Because Plaintiff's contract claim seeking to invalidate portions of the Settlement Agreement is joined with an unrelated noncontract claim, this Court must apportion the fees "so that the losing party is only required to pay for such fees as were incurred in prosecuting, or defending, the contract action." *Shadoan*, 268 Cal. Rptr. at 213.[3] However, the time entries listed in Defendant's billing records do not differentiate between the two causes of action such that this Court can determine how many hours Defendant billed on the contract claim. (Doc. 35-1 at 6-13.) A party seeking attorney's

---

[3] Defendant does not argue that the two claims are so inextricably intertwined that apportionment would be impracticable. *See Bell v. Vista Unified Sch. Dist.*, 98 Cal. Rptr. 2d 263, 273 (Cal. App. 4th Dist. 2000).

- 5 -

fees should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Mfg. Automation and Software Sys., Inc. v. Hughes*, No. 2:16-CV-08962-CAS-KSx, 2019 WL 2396308, at *6 (C.D. Cal. June 3, 2019), *aff'd*, 833 Fed. Appx. 147 (9th Cir. 2021) (denying defendant's motion for attorney's fees without prejudice where defendant failed to apportion the request such that the court could ascertain the number of hours spent only on the breach-of-contract claim). Accordingly, the Court will deny Defendant's Motion for Award of Attorneys' Fees with leave to refile the Motion with billing records showing fees expended only in defending the contract claim.

### IV. Defendant's Motion for Clarification (Doc. 34)

Defendant's Motion for Clarification (Doc. 34) requests clarification of the Judgment of Dismissal entered by the Clerk of the Court (Doc. 33). Defendant points out that the Judgment does not indicate that the Court dismissed Plaintiff's Claim One with prejudice, or that Plaintiff's Claim Two is dismissed without prejudice because it is subject to arbitration. (Doc. 34.) Instead, the minute entry states: "IT IS ORDERED AND ADJUDGED that pursuant to the Court's order filed September 21, 2023, the complaint and action are dismissed without prejudice." (Doc. 33).

The Court will grant Defendant's Motion and direct the Clerk of Court to amend the Judgement to reflect that Plaintiff's Claim One under the First Amendment is dismissed with prejudice, and Plaintiff's Claim Two under the Civil Rights Act of 1964 is dismissed without prejudice.

**IT IS ORDERED** that Defendant's Motion for Award of Attorneys' Fees (Doc. 35) is **denied without prejudice**.

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Defendant's Motion for Clarification (Doc. 34) is **granted**.  The Clerk of the Court shall amend the Judgment (Doc. 33) to reflect that Plaintiff's Claim One under the First Amendment is dismissed with prejudice, and that Plaintiff's Claim Two under the Civil Rights Act of 1964 is dismissed without prejudice.

Dated this 12th day of September, 2024.

_____
Honorable Rosemary Márquez
United States District Judge